IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,851-03






EX PARTE JERRY PEREZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-CR-0001-D IN THE 103RD DISTRICT COURT


FROM CAMERON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
engaging in organized criminal activity and was sentenced to forty years' imprisonment on each
count. The Thirteenth Court of Appeals affirmed his murder conviction and rendered an acquittal
as to his engaging in organized criminal activity conviction. Perez v. State, No. 13-08-00037-CR
(Tex. App.-Corpus Christi-Edinburg Nov. 19, 2009, no pet.). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he failed to file a motion to suppress Applicant's confession. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond
to Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's claim that during his
interrogation the police threatened him and his family is credible. In making this finding, the trial
court shall consider Trinidad Perez's sworn affidavit. The trial court shall also make conclusions of
law as to whether trial counsel's performance was deficient and, if so, whether his deficient
performance prejudiced Applicant. The trial court shall make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 7, 2011

Do not publish